

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Edwin Lacy, Commissioner
Department of Public Safety
Austin, Texas

Dear Sir:

Opinion No. O-2754
Re: Official misconduct of county
commissioners and related
questions.

So far as your letter of September 11th presents
questions to be answered as applied to the facts set out in
the documents accompanying it, it presents mixed questions
of law and fact which cannot be answered by this department.
The fact questions present issues to be determined by a
jury or the court in a proper proceeding. We will therefore
undertake to answer your questions only hypothetically and
upon the assumption that certain facts may be found to be
true.

With respect to your first question, you are advised
that, if it should be established in a proceeding for the
removal of a county commissioner that he wilfully exercised
his power and authority to employ persons to work upon the
roads of the county, to engage the services of persons not
needed in such work, for the purpose of furthering his person-
al political ambitions, such, in our opinion, would consti-
tute "official misconduct" within the meaning of Article 5973,
R. S. 1925.

The Constitutional oath of office is as follows:

"Members of the Legislature, and all officers,
before they enter upon the duties of their offices,
shall take the following oath or affirmation:

"I, _____, do solemnly swear (or
affirm), that I will faithfully execute the duties
of the office of _____ of the State of
Texas, and will to the best of my ability preserve,

Honorable Edwin Lacy, Commissioner, Page 2

protect, and defend the Constitution and Laws
of the United States and of this State; and
I furthermore solemnly swear (or affirm), that
I have not directly nor indirectly paid, offered,
or promised to pay, contributed, nor promised
to contribute any money, or valuable thing, or
promised any public office or employment, as a
reward for the giving or withholding a vote at
the election at which I was elected. So help me
God."

It will be observed that the oath has relation only
to bribery of electors "at the election" at which the officer
was elected. The oath does not have reference to nominations.
So that a county commissioner who wilfully exercises his
power to employ persons to work upon the roads of the county,
to employ persons not needed in such work in consideration of
their voting for his nomination at a primary election does not
constitute a violation of the Constitutional oath of office
so as to subject him to removal from the office in the event
he should be elected thereto at the general election. He may
be punished under the provisions of Penal Code, Article 196,
for corruptly using his authority or influence, but such punish-
ment does not carry a disqualification for election to the of-
fice to which he has been nominated.

In this connection, it must be remembered that the
Legislature has seen fit to provide that "No officer in this
State shall be removed from office for any act he may have
committed prior to his election to office." Article 5986, as
amended Acts 1939, 46th Leg., House Bill 493, Section 1.

A commissioner, then, cannot be removed from his
office during the second term to which he may have been elected
for an act which he has committed during his first term in
such office.

In answer to your third question, you are advised that
a county commissioner who wilfully exercises his power to
employ persons to work upon the roads of the county to engage
the services of persons not needed in such work for the purpose
of furthering his personal political ambition is not guilty
of misapplication of public funds, as that offense is defined
by the Legislature. In the case of Hanna vs. State, 135 S. W.
(2d) 105, the Court of Criminal Appeals held that a county

commissioner who filed a fictitious account and secured and cashed a warrant and gave a portion of the proceeds in excess of payment due on an auto to the seller of the auto could not be convicted of misapplication of public funds, in the absence of evidence that the money involved was in the hands of the commissioner in his official capacity, holding that county commissioners are not by virtue of their office custodians of county funds.

With respect to your fourth and last question, you are advised that in the opinion of this department the wrongful employment or wrongful approval of accounts against the county for services rendered by an employee unnecessarily hired to work upon the public roads does not constitute a theft of county funds by false pretext. As stated by the Supreme Court of Texas in the case of State vs. Kingsbury, 37 Tex. 159: "There is no written law of this State expressly defining the act of the county court in unlawfully approving an account against the county as a penal offense."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Richard W. Fairchild
Assistant

RWF:rv

APPROVED DEC 5, 1940

ATTORNEY GENERAL OF TEXAS